IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAULINO MOLINA,

    Petitioner,                                    No. CIV S-08-3149 KJM

    vs.

MICHAEL CHERTOFF, et al.,                <u>ORDER</u>

    Respondents.

_____/

       Petitioner's motion for a temporary restraining order came on regularly for hearing on January 7, 2008. Terry Hunt, Esq., appeared for petitioner. Assistant U.S. Attorney Audrey Hemesath appeared for respondents. Upon review of the documents in support and opposition,[1] upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

/////

/////

---

[1] At hearing, respondents' counsel was directed to file additional documents related to petitioner's prior removal orders, as promptly as possible following conclusion of the hearing. As of the signing of this order, the prior removal orders have been received by the court and are showing on the docket in this case. The contents of the orders provide further details in addition to those provided at hearing and summarized below.

1

1        Petitioner's first amended petition seeks a writ of habeas corpus based on 28
2 U.S.C. § 2241, and also alleges violation of his Fifth Amendment due process rights.  His motion
3 for a restraining order, which seeks to prevent his imminent deportation, also relies on the Fifth
4 Amendment.

5        Respondents represent that petitioner was the subject of a prior deportation order
6 entered January 12, 2006 at Progreso, Texas.  Respondents' counsel represented at hearing that
7 this order was "expedited" and issued in a border area, meaning that petitioner presented himself
8 at a border crossing without the paperwork required for entry and thus was immediately deported.
9 Respondents represent that petitioner was removed from this country on February 13, 2008,
10 based on a removal order, and subsequently reentered on or about June 1, 2008 at or near San
11 Ysidro, California.

12        On or about October 4, 2008, petitioner was arrested on state misdemeanor
13 charges of driving while intoxicated, and jailed at the Sacramento County Jail.  According to
14 petitioner's counsel at hearing, petitioner satisfied bail promptly, but then remained at the jail
15 based on a detainer lodged by federal immigration officials.  Petitioner's counsel believes that his
16 detention since early October has been based solely on the federal detainer.  Respondents'
17 briefing suggests that his detention has included a period of time served based on the state
18 charges.

19        In any event, at hearing the government provided a copy of a Notice of
20 Intent/Decision to Reinstate Prior Order, which has now been filed.  The Notice portion of the
21 document is dated October 7, 2008, and notifies petitioner of the Attorney General's intent to
22 reinstate the prior order of removal.  The Notice references section 241(a)(5) of the Immigration
23 and Nationality Act (the Act) and 8 C.F.R. § 241.8.  The Notice includes a statement to the effect
24 that it was communicated to petitioner in English and Spanish.  The Notice includes a box
25 entitled "Acknowledgment and Response," in which a box is marked indicating the recipient
26 does not wish to make a statement contesting the determination; the Acknowledgment is dated

1  "10/7/08" and petitioner's name is written next to a handwritten "x."  At hearing, as in the
2  petition, petitioner's counsel denied that petitioner was provided effective interpretation services.
3  Counsel represents that petitioner was not given the opportunity to obtain counsel at the time he
4  was provided the Notice. Counsel also represents that since being retained, counsel has formally
5  requested a copy of petitioner's file and documents related to his status; prior to the hearing, he
6  had received nothing in response to his requests.

7        The Decision portion of the document is completed with the date of January 6,
8  2009, and signed by an immigration official.  The Decision determines that petitioner "is subject
9  to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the
10  Act."  Publicly available records of the Sacramento County Sheriff indicate that petitioner was
11  released from the jail on January 6, 2009.

12        At hearing, respondents' counsel represented that petitioner had made a credible
13  claim that he will be subject to persecution if deported.  Based on this claim, at the time of the
14  hearing petitioner was being transported to San Francisco for further proceedings before an
15  immigration official.

16        Respondents contend the court does not have jurisdiction in this matter because,
17  they say, petitioner was not in federal custody at the time he filed his petition, but rather was
18  serving out a state criminal sentence subject to a federal detainer.  Respondents cite persuasive,
19  but not controlling, authority for this proposition.  Respondents also contend this court does not
20  have jurisdiction to review challenges to reinstatements of expedited orders of removal, with
21  citation to 8 U.S.C. §§ 1231(a)(5), 1252(b)(9), 1252(e), and <u>Garcia de Rincon v. Dept. of</u>
22  <u>Homeland Security</u>, 539 F.3d 1133 (9th Cir. 2008).  In this respect, respondents are correct.  One
23  of the statutes relied on by respondents, however, also appears to provide for review of certain
24  challenges to removal orders by the appellate court.  8 U.S.C. §§ 1252(a)(2)(D), 1252(a)(5).
25  /////
26  /////

1  Accordingly, in the interest of justice, this matter will be transferred to the Ninth
2  Circuit Court of Appeals for its consideration. 28 § U.S.C. 1631. The Clerk of the Court is
3  directed to close this case.
4  IT IS SO ORDERED.
5  DATED: January 7, 2009.

_____
U.S. MAGISTRATE JUDGE

10  kjm

11  molina.tro.oah